**EUGENE REID and TUPUTASI REID, Plaintiffs,**

**v.**

**TIA`I SAUNI et al., Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 32-04

December 27, 2005

Before KRUSE, Chief Justice; SAGAPOLUTELE, Associate Judge; and MAMEA, Associate Judge.

Counsel: For Plaintiffs, Tofa Robert K. Maez
For Defendant Tia`i Sauni, Fiti K. Sunia

ORDER

Plaintiffs Eugene and Tuputasi Reid (the "Reids") own a tract of land, known as "Taileau" an area slightly over three and half acres, located in the village of Leone. In the early 1990s, the defendant Tia`i Sauni ("Sauni"), who at the time worked for and was sponsored by the Reids, implored the latter for some land to build a family home. On October 31, 1991, the Reids sold a small portion of this Taileau, 0.135 acres more or less, to Sauni for $12,500. *See* Exhibit "4" (Deed of Conveyance). Shortly thereafter in 1992, Sauni built his family home on Taileau. Eventually over the years, Sauni and his family added additional

residential structures to the area.

In 1999, the Reids commissioned a subdivision of Taileau, *see* Exhibits "2" and "3," and following the subdivision exercise, the Reids discovered that Sauni's buildings were actually not positioned on Taileau in accordance to the metes and bounds description contained in their deed of conveyance, Exhibit "4." On the subdivision map, Exhibit "4" is identified as "Lot 9," whereas Sauni was actually located within the slightly larger subdivision area known as "Lot 12."

■ The parties having tried, but failed, to resolve the matter between themselves, are now before us with the Reids seeking, inter alia, an eviction order. Of more than passing interest to the court, however, is the uncontroverted fact established on the evidence that Lot 9 actually has a third-party occupant, with whom neither party before us wants to be associated. While the Reids claim that Lot 9's occupant derives his/her interest through Sauni, the latter claims no knowledge whatsoever of this third party, who is conspicuously not before the court.

On these facts, we find that the occupant of Lot 9 is a necessary party to these proceedings since his/her interests are by necessity intertwined with the rights of parties. The issues before the court necessarily requires our adjudication of the parties' respective rights to Lot 9. Under these circumstances, joinder of the absent third-party occupant of Lot 9 is appropriate. *The Senate v. Lutali*, 26 A.S.R.2d 125, 130 (Trial Div. 1994); *see also S.W. California Production Credit Association v. The Vessel Conquistador*, 11 A.S.R.2d 7, 9 (Trial Div. 1989)("The court is reluctant . . . to issue order affecting the rights of absent parties without affording them prior notice and opportunity to be heard.")

In matters of practice and procedure, the Land and Titles Division is statutorily guided by the standard of "natural justice and convenience." A.S.C.A. § 3.0242. We conclude, consistent with the notions of natural justice and convenience that this matter should be continued until all necessary and proper parties are before the court.

It is so ordered.